IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SHERROD BURNETT #136620,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 3:24-CV-00658 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **DARON HALL,** *et al.*, ) | MAGISTRATE JUDGE |
| ) | NEWBERN |
| **Defendants.** ) | |

### MEMORANDUM OPINION AND ORDER

Sherrod Burnett, a pretrial detainee in the custody of the Davidson County Sheriff's Office Downtown Detention Center in Nashville, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee.

### I. FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

1

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Downtown Detention Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of

confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that Plaintiff suffers from Stage 5 Chronic Kidney Disease. Plaintiff has asked Doctor f/n/u Fox and members of the jail's medical staff if Plaintiff could keep certain medications on his person "to better take the med's at the appropriate and accurate time . . . instead of taking them at pill call . . . ." (Doc. No. 1-1 at 1). According to Plaintiff, he is supposed to take some of the medications with food and two of the medications "as soon as he comes off of the dialysis machine." (*Id*. at 2). However, "Medical does not want to come bring [Plaintiff] these medications during meals." (*Id*.) Plaintiff believes that "DCSO Medical continue[s] to inadequately administer to me these med's at the wrong time(s)" (*id*.) which has caused Plaintiff's health to deteriorate.

In addition, the complaint alleges that DCI contacted medical staff at the jail regarding Plaintiff's catheter. DCI opined that the catheter should be replaced with a fistula. The Davidson

4

County Sheriff's Office and Well Path have "slow walked" the approval of an outside provider to perform the surgery. (Doc. No. 1-1 at 3). Plaintiff has contacted a staph infection from the catheter.

D. <u>ANALYSIS</u>

The complaint names three Defendants to this action: Sheriff Daron Hall, DSCO Doctor Fox, and Well Path.[1] (Doc. No. 1 at 1). Sheriff Hall and Doctor Fox are sued in their individual and official capacities (*Id*. at 2).

Plaintiff's claims concern his medical treatment while in the custody of the Downtown Detention Center. Plaintiff is a pretrial detainee. "[P]retrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605 (6th Cir. Jan. 4, 2022) (citing *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020)). A deliberate indifference to serious medical needs claim brought by a pretrial detainee has objective and subjective components. *See id.* at *8. The objective component requires Plaintiff to demonstrate that he had an "objectively serious medical need." *Id*. (quoting *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 597 (6th Cir. 2021)). The subjective component "require[s] only recklessness," meaning that Plaintiff must prove that Defendant's "'action (or lack of action) was intentional (not accidental) and [they] either (a) acted intentionally to ignore [the detainee's] serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to' the detainee." *Id*. (quoting *Brawner*, 14 F.4th at 597).

---

[1] The Clerk listed the Davidson County Sheriff's Office ("DSCO") as a fourth Defendant; however, the complaint does not list DSCO as a separate Defendant. Nevertheless, Plaintiff sues Doctor Fox (who is allegedly an employee of DSCO) in his official capacity. (*See* Doc. No. 1 at 2). When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Thus, no change is necessary to the docket.

Here, the complaint alleges two theories with respect to Plaintiff's deliberate indifference to serious medical needs claims. First, it alleges that Plaintiff wants "KOP" (keep on person) access to his medications rather than receiving them at the times determined by the detention center medical staff which, according to Plaintiff, is against the instructions of his dialysis clinic medical providers.

Assuming for purposes of this screening that Plaintiff's chronic kidney disease constitutes an objectively serious medical need for which Plaintiff takes the medications at issue, Plaintiff has not alleged that any Defendant acted intentionally to ignore Plaintiff's serious medical need or recklessly failed to act reasonably to mitigate the risk the serious medical need posed to Plaintiff. While Plaintiff points to an exhibit to support his assertion that his health deteriorated because Defendants refused to administer Plaintiff's medication in the way Plaintiff requested (*see* Doc. Nos. 1-1 at 2, 6), the exhibit does not make clear how Plaintiff's health has allegedly deteriorated.[2] And, in any event, the complaint does not allege that Defendants were aware of this alleged deterioration or of the way(s) that Plaintiff's medication schedule relates to Plaintiff's wellness. Thus, the complaint's allegations do not support a finding of deliberate indifference to Plaintiff's objectively serious medical need.

Plaintiff also alleges that Defendants have failed to arrange the surgery necessary for Plaintiff's catheter to be replaced with a fistula, a change recommended by the outside medical provider DCI. But again, the complaint does not allege that any Defendant acted intentionally to ignore Plaintiff's serious medical need for a fistula or recklessly failed to act reasonably to mitigate the risk the serious medical need posed to Plaintiff. The complaint alleges that Plaintiff developed

---

[2] The referenced exhibit appears to be a lab report for Plaintiff printed on March 26, 2024. (Doc. No. 1-1 at 6). The report does not explain how Plaintiff's medications (if any) and the timing of taking those medications has affected the numbers on the lab report, such as Plaintiff's levels of albumin and potassium.

6

a staph infection because of Defendants' refusal to arrange the fistula procedure more quickly, but the complaint does not allege that any Defendant acted with the requisite state of mind. Thus, the complaint's allegations do not support a finding of deliberate indifference to Plaintiff's objectively serious medical need under this theory either.

### III. CONCLUSION

The Court has screened the complaint pursuant to the PLRA and determines that it fails to state a claim upon which relief can be granted under Section 1983 against any named Defendant.

However, considering Plaintiff's pro se status, the Court will permit Plaintiff to amend his complaint (if appropriate) to allege that a Defendant's "'action (or lack of action) was intentional (not accidental) and [he or she] either (a) acted intentionally to ignore [the detainee's] serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to' the detainee." *Greene*, 22 F.4th 593, 605. If Plaintiff chooses to file an amended complaint, he must do so within 30 days of the date of entry of this Memorandum Opinion and Order.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, this action will be dismissed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE